IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01920-MJW

REV. BRANDON BAKER,

Plaintiff,

v.

CITY OF LOVELAND,
LOVELAND POLICE DEPT.,
LOVELAND POLICE LT. RICK ARNOLD, in his official and individual capacities,
LOVELAND POLICE SGT. JEFF PYLE, in his official and individual capacities,
LOVELAND POLICE OFFICER ANDRES SALAZAR, in his official and individual capacities,
LARIMER COUNTY DA GORDON MCLAUGHLIN, in his official and individual capacities, and
UNKNOWN DEFENDANT(S)

Defendants.

**ORDER ON DEFENDANTS' UNOPPOSED MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS
(Docket No. 40)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Now before the court is Defendants' Unopposed Motion to Stay All Discovery Pending Resolution of Defendants' Motions to Dismiss (Docket No. 40). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. Furthermore, the court notes that it may rule on a motion at any time after it is filed. D.C.COLO.LCivR 7.1(d). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Defendants ask the court to stay discovery until the court rules on their motions

1

to dismiss (Docket Nos. 31, 34, & 35).  Among the arguments in their motions to dismiss, certain Defendants argue they are entitled to qualified immunity.  (Docket No. 34 at 9-10 & Docket No. 35 at 8-11.)  In addition, Defendants' motion to dismiss, collectively, seek to dispose of all of Plaintiff's claims.  Further, Plaintiff does not oppose Defendants' motion.  (Docket No. 40 at 1.)

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  *See Rome*, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  *Id.* at 643-44.

As stated above, certain Defendants raise qualified immunity as a defense in their pending motions to dismiss.  The case is still in the early stages of litigation: Defendants responded to Plaintiff's operative complaint with the pending motions to dismiss that could fully dispose of Plaintiff's claims before engaging in substantive discovery.

A court has broad discretion to stay proceedings as incidental to its power to

control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery.  *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).  Considering the early filing of the motions to dismiss premised in part on qualified immunity, the court finds that the circumstances evaluated in *Rome* are inapplicable to the case at hand.

When considering a stay of discovery in a broader context, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See String Cheese Incident v. Stylus Show, Inc.*, 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter.  Most significantly, because Plaintiff does not oppose the stay, the court finds that the interest of Plaintiff to proceed expeditiously is outweighed by the burden on Defendants of having to participate in discovery while motions to dismiss based, in part, on jurisdictional grounds are pending.

Furthermore, while the court typically discourages stays of discovery, the court

acknowledges the efficiency and fairness of delaying the proceedings pending resolution of motions to dismiss that could resolve this matter in its entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Finally, the court finds that the convenience of the court, the interests of non-parties, and the public interest do not greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Unopposed Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (Docket No. 40) is **GRANTED.** This matter is **STAYED** pending resolution of Defendants' motions to dismiss (Docket Nos. 31, 34, & 35). It is further

**ORDERED** that the Final Pretrial Conference set for September 22, 2016 at 9:00 a.m. is **VACATED**. The Final Pretrial Conference will be reset, if necessary, after resolution of the motions to dismiss.

Date:  March 28, 2016                           s/ Michael J. Watanabe
       Denver, Colorado                         Michael J. Watanabe
                                                United States Magistrate Judge